```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ANGELO MARQUEZ, | Civil No. 13-3926 (NLH) |
| Petitioner, | |
| v. | **OPINION** |
| ANGEL L. SANTIAGO, et al., | |
| Respondents. | |

**APPEARANCES:**

    ANGELO MARQUEZ, #856741B
    Adult Diagnostic & Treatment Center
    8 Production Way, 7-L
    Avenel, NJ 07001-1660
        *Attorney for Petitioner*

    ROBIN A. HAMETT, Assistant Prosecutor
    CAMDEN COUNTY PROSECUTOR
    25 North Fifth Street
    Camden, NJ 08102
        *Attorneys for Respondents*

**HILLMAN, District Judge:**

Angelo Marquez filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction filed in the Superior Court of New Jersey, Camden County, on September 28, 2001, imposing a 24-year term of incarceration with 12 years of parole ineligibility, after a jury found him guilty of several charges. The State filed an Answer. Although given an opportunity to do so, Marquez did not file a reply. After carefully reviewing the arguments of the parties and the electronically available opinions and orders of the New Jersey

courts, this Court will dismiss the Petition with prejudice as untimely and deny a certificate of appealability.

## I. BACKGROUND

**A. The Crime**

Marquez challenges an aggregate sentence of 24 years in prison with 12 years of parole ineligibility, imposed after a jury convicted him of three counts of first-degree aggravated sexual assault on M.O. (a child), one count of second-degree sexual assault, and one count of third-degree child endangering. Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), state court factual findings are presumed correct unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). As Marquez has not rebutted the factual findings of the Appellate Division, this Court will rely on those findings.

The Appellate Division found on direct appeal that Marquez sexually molested M.O., the daughter of his girlfriend, from the time she was 10 years old in 1992 until she ran away at age 16. *See State v. Marquez*, Docket No. A-4078-01T4 sl. opinion (N.J. Super. Ct., App. Div., Feb. 24, 2004) (ECF No. 1 at 13-18). The molestation, which occurred about once or twice a month, involved fondling and intercourse. *Id.*

2

B.   **The State Court Proceedings**[1]

As explained above, on June 7, 2001, a jury convicted Marquez of three counts of first-degree aggravated sexual assault, one count of second-degree sexual assault, and one count of third-degree child endangering.  On September 28, 2001, the trial judge sentenced Marquez to an aggregate term of 24 years in prison, with 12 years of parole ineligibility.  Marquez appealed.  On February 24, 2004, the Appellate Division of the Superior Court of New Jersey affirmed.  (ECF No. 1 at 13.)  On May 21, 2004, the Supreme Court of New Jersey denied certification on direct appeal.  *See State v. Marquez*, 180 N.J. 357 (2004) (table).

---

[1] Although this Court ordered Respondents on September 22, 2014, to file a hard copy of the state court record under seal, and Respondents electronically filed the Answer under seal on September 30, 2014, the docket contains no indication that the Clerk received the record and, after a diligent search, the Clerk has not been able to locate a hard copy of the state court record.  At this time, however, the Court sees no reason to require Respondents to electronically file the record under seal.  Respondents argue in the Answer that the Petition is time barred.  Because the relevant opinions and orders issued by the Appellate Division and the New Jersey Supreme Court, which are electronically available on WestlawNext, establish that the Petition is time barred, this Court does not need the remainder of the record to find that the Petition is barred by the statute of limitations.  *See, infra* at 11.

On June 29, 2005, Marquez filed his first petition for post-conviction relief, which raised ineffective assistance of counsel claims, in the trial court. (Petition, ECF No. 1 at 4; Ans., ECF No. 18 at 4.) The trial court denied relief without conducting an evidentiary hearing on February 16, 2007. *See State v. Marquez*, 2012 WL 876789 at *1 (N.J. Super. Ct., App. Div., Mar. 16, 2012). Marquez appealed, and on May 26, 2009, the Appellate Division affirmed. *Id.* The Supreme Court of New Jersey denied certification on September 11, 2009. *See State v. Marquez*, 200 N.J. 370 (2009) (table).

Marquez filed his second petition for post-conviction relief, again arguing ineffective assistance of counsel, in the trial court on December 8, 2009. *See State v. Marquez*, 2012 WL 876789 at *1. The trial court denied the second petition in May 2010 on procedural grounds, based on new N.J. Rules 3:22-4(b) and 3:22-12(a)(2) (effective February 1, 2010). *Id.* Marquez appealed, arguing that because the rules relied on by the trial court did not go into effect until two months after he filed his petition, they could not be applied to bar his post-conviction relief petition. On March 16, 2012, assuming that his position was correct, the Appellate Division applied the predecessor rule and held that the second post-conviction relief petition was

4

time barred because Marquez did not file it within five years after sentencing and he failed to show excusable neglect for the three-year filing delay. *Id.* On May 15, 2013, the Supreme Court of New Jersey denied certification. *See State v. Marquez*, 213 N.J. 538 (2013) (table).

**C.   Procedural History of § 2254 Petition**

On June 3, 2013, Marquez signed his § 2254 Petition and handed it to prison officials for mailing to the Clerk. (ECF No. 1 at 11.) The Petition raises the following grounds for relief:

> Ground One:  DEFENDANT'S CONVICTIONS MUST BE REVERSED DUE TO TRIAL COUNSEL'S FAILURE TO OBJECT TO THE PROSECUTOR'S IMPROPER REMARKS.
>
> Ground Two:  THE RETROACTIVE APPLICATION OF NEW JERSEY COURT RULES 3:22-12(a) AND 3:22-4(b) IMPOSED AN INJUSTICE ON THE DEFENDANT BY CAUSING THE DENIAL OF HIS SECOND OR SUBSEQUENT PCR.

(Petition, ECF No. 1 at 6, 8.)

The State filed an Answer arguing that the § 2254 Petition is time barred and that Marquez is not entitled to relief on the merits. (ECF No. 18.) Although the Order to answer gave Marquez time and opportunity to file a reply, he did not do so.

## II.   STATUTE OF LIMITATIONS

The State argues that the § 2254 Petition is barred by the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") 365-

day statute of limitations because Marquez did not file it within 365 days of the date on which his conviction became final.  The AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court.  The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) tolls the limitations period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]"  28 U.S.C. § 2244(d)(2).  An application is "filed" when it "is delivered to, and accepted by, the appropriate court officer for placement

into the official record." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (citations omitted). An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id*. at 8-9 (citations omitted).

**A.  Calculation of the Statute of Limitations**

In this case, the statute of limitations is governed by § 2244(d)(1)(A). The New Jersey Supreme Court denied certification on direct review on May 21, 2004, *see State v. Marquez,* 180 N.J. 357 (2004) (table), and the time for Marquez to file a petition for certiorari in the United States Supreme Court expired 91 days later on August 20, 2004. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012); *Wali v. Kholi*, 131 S. Ct. 1278, 1282 (2011); *Lawrence v. Florida*, 549 U.S. 327, 332-333 (2007); *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). The limitations period began the next day, August 21, 2004, and ran for 313 days until Marquez filed his first petition for post-conviction relief on June 29, 2005.

The limitations period was statutorily tolled, *see* 28 U.S.C. § 2244(d)(2), from June 29, 2005 (the date on which Marquez filed his first petition for post-conviction relief), until September 11, 2009 (the date on which the Supreme Court of

New Jersey denied certification on that petition). *See State v. Marquez*, 200 N.J. 370 (2009) (table).  The limitations period began to run again on September 12, 2009 (the day after the Supreme Court of New Jersey denied certification on the first post-conviction relief petition), at day 314 and ran for the next 51 days until it expired on Monday, November 2, 2009.

Although Marquez's second petition for post-conviction relief was pending from December 8, 2009 (filing date), through May 15, 2013 (date on which Supreme Court of New Jersey denied certification), *see State v. Marquez*, 213 N.J. 538 (2013) (table), there are two reasons why this second post-conviction relief petition did not toll the statute of limitations under § 2244(d)(2).  First, the second petition did not trigger statutory tolling because the 365-day statute of limitations expired on November 2, 2009, a month before Marquez filed the second post-conviction relief petition on December 8, 2009.[2]

Second, the Appellate Division held that the second petition was time barred under New Jersey law, *see State v.*

---

[2] *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) (state post-conviction review petition had no effect on tolling because the limitations period had already run when it was filed); *Schlueter v. Varner*, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).

*Marquez*, 2012 WL 876789 at *2, and a petition for state post-conviction relief that was rejected by the state courts as untimely does not toll the limitations period because it is not "properly filed" within the meaning of § 2244(d)(2). *See Allen v. Siebert*, 552 U.S. 3 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

Because Marquez did not file his § 2254 Petition in this Court until June 3, 2013, which was 1,310 days after the statute of limitations expired on November 2, 2009, the § 2254 Petition is untimely unless Marquez is entitled to equitable tolling.

**B.   Equitable Tolling and Actual Innocence Exception**

The one year statute of limitations is subject to equitable tolling. *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013); *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Ross v. Varano*, 712 F.3d 784, 798-800 (3d Cir. 2013). A court extends the remedy of equitable tolling "sparingly," when "principles of equity would make the rigid application of a limitation period unfair." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013) (citations and internal quotation marks omitted). A habeas "'petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

9

stood in his way and prevented timely filing.'" *McQuiggin*, 133 S.Ct. at 1931 (quoting *Holland*, 560 U.S. at 649) (internal quotation marks omitted).  A court must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 560 U.S. at 650.

Although "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling," *Holland*, 569 U.S. at 652 (citations and internal quotation marks omitted), extraordinary circumstances may be found "for 'serious instances of attorney misconduct.'" *Christenson v. Roper*, 135 S.Ct. 891, 894 (2015) (quoting *Holland*, 560 U.S. at 651-52).  Other potentially extraordinary situations may be found on the basis of the petitioner's "inability to read or understand English, combined with denial of access to translation or legal assistance," *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011), and "where a court has misled a party regarding the steps that the party needs to take to preserve a claim." *Munchinski v. Wilson*, 694 F.3d 308, 329-330 (3d Cir. 2012)(quoting *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005)).

10

In this case, Marquez does not argue that extraordinary circumstances prevented timely filing of his § 2254 Petition. Nor does he maintain that he pursued his rights diligently. This Court discerns no extraordinary circumstance warranting equitable tolling of the statute of limitations and sees no support for a finding that Marquez was diligent in pursuing his rights.  Although "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations," *McQuiggin,* 133 S.Ct. at 1928, nothing before this Court indicates that Marquez is actually innocent.[3]

To summarize, Marquez filed his § 2254 Petition 1,310 days after the 365-day statute of limitations expired and he has not shown that the actual innocence exception applies or that he diligently pursued his rights but was prevented by extraordinary circumstances from timely filing his § 2254 Petition. *See Holland*, 560 U.S. at 649.  Accordingly, this Court will dismiss the Petition as time barred.

---

[3] "To invoke the miscarriage of justice exception to AEDPA's statute of limitations . . , a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin,* 133 S.Ct. at 1928 (quoting *Schlup*, 513 U.S. at 327).

11

### III. CERTIFICATE OF APPEALABILITY

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as time barred is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### IV. CONCLUSION

This Court will dismiss the Petition with prejudice and deny a certificate of appealability. An appropriate Order accompanies this Opinion.

s/Noel L. Hillman
**NOEL L. HILLMAN, U.S.D.J.**

Dated: June 6, 2016

At Camden, New Jersey